RWW/ks//SEN-R11807/legal/ANS073115

**BARRY, McTIERNAN & WEDINGER, P.C.**
**Richard W. Wedinger, Esq.**
**ID # 043111991**
**10 Franklin Avenue**
**Edison, New Jersey 08837**
**(732) 738-5600**
Attorney(s) for Defendants:
***ROTHWELL ASSOCIATES, LLC and AMIT VINOD SHAN, individually and d/b/a SHAH***
***BUILDERS, LLC***

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INDIANA INSURANCE COMPANY | : | |
| as subrogee JJRX LLC | : | **CIVIL ACTION** |
| 350 East 96th Street | : | |
| Indianapolis, Indiana 46240 | : | **NO.:   1:15-CV-02875-NLH-JS** |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| ROTHWELL ASSOCIATES LLC | : | |
| 20 Myrtle Avenue | : | |
| Edgewater, New Jersey 07020 | : | |
| | : | |
| and | : | **ANSWER TO FIRST** |
| | : | **AMENDED COMPLAINT** |
| AMIT VINOD SHAH, individually and d/b/a | : | **SEPARATE DEFENSES** |
| SHAH BUILDERS LLC | : | **JURY DEMAND** |
| 20 Myrtle Avenue | : | |
| Edgewater, New Jersey 07020 | : | |
| | : | |
| Defendants. | : | |

Defendants, ROTHWELL ASSOCIATES, LLC and AMIT VINOD SHAN, individually and d/b/a SHAH BUILDERS, LLC, by way of their Answer to the Plaintiffs' First Amended Complaint, herein says:

## PARTIES

1.    These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "1" of the Parties Count of the Complaint, and therefore leaves Plaintiffs to their proofs.

2.    These answering Defendants deny each and every allegation contained in the paragraph numbered "2" of the Parties Count of the Complaint.

3.    These answering Defendants deny each and every allegation contained in the paragraph numbered "3" of the Parties Count of the Complaint.

## JURISDICTION AND VENUE

4.    It is denied that the amount in controversy in this matter meets or exceeds the jurisdictional threshold.  These answering Defendants deny any and all allegations contained in this paragraph numbered "4" of Jurisdiction and Venue of the First Amended Complaint.

5.    These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "5" of the Jurisdiction and Venue of the First Amended Complaint.

## GENERAL ALLEGATIONS

6.    These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "6" of the General Allegations of the First Amended Complaint.

7.      These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "7" of the General Allegations of the First Amended Complaint, and therefore leaves Plaintiff to its proofs.

8.      These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "8" of the General Allegations of the First Amended Complaint, and therefore leaves Plaintiffs to its proofs.

9.      These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "9" of the General Allegations of the First Amended Complaint, and therefore leaves Plaintiffs to its proofs.

10.     These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "10" of the General Allegations of the First Amended Complaint, and therefore leaves Plaintiffs to its proofs.

11.     These answering Defendants deny each and every allegation contained in the paragraph numbered "11" of the General Allegations of the First Amended Complaint.

12.     These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "12" of the General Allegations of the First Amended Complaint.

13.     These answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph numbered "13" of the

General Allegations of the First Amended Complaint, and therefore leaves Plaintiffs to its proofs.

## COUNT I - NEGLIGENCE

14. These answering Defendants repeat and reiterate their responses to the Parties, Jurisdiction and Venue, and General Allegations paragraphs of the First Amended Complaint, incorporating same as though set forth at length herein.

15. These answering Defendants deny each and every allegation contained in the paragraph numbered "15" of the Count I – Negligence Count of the First Amended Complaint.

16. These answering Defendants deny each and every allegation contained in the paragraph numbered "16" of the Count I – Negligence Count of the First Amended Complaint.

17. These answering Defendants deny each and every allegation contained in the paragraph numbered "17" of the Count I – Negligence Count of the First Amended Complaint.

18. These answering Defendants deny each and every allegation contained in the paragraph numbered "18" of the Count I – Negligence Count of the First Amended Complaint.

WHEREFORE, Defendants *ROTHWELL ASSOCIATES, LLC and AMIT VINOD SHAN, individually and d/b/a SHAH BUILDERS, LLC,* demand Judgment dismissing the Count I – Negligence Count of the First Amended Complaint with prejudice and without costs.

## COUNT II – BREACH OF CONTRACT

19. These answering Defendants repeat and reiterate their responses to the Parties, Jurisdiction and Venue, and General Allegations paragraphs and Count and Count I – Negligence Count of the First Amended Complaint, incorporating same as though set forth at length herein.

20.     These answering Defendants deny any knowledge or information sufficient to form a

        belief as to each and every allegation contained in the paragraph numbered "20" of the

        Count II – Breach of Contract Count of the First Amended Complaint.

21.     These answering Defendants deny each and every allegation contained in the paragraph

        numbered "21 a through l" of the Count II – Breach of Contract Count of the First

        Amended Complaint.

22.     These answering Defendants deny each and every allegation contained in the paragraph

        numbered "22" of the Count II – Breach of Contract Count of the First Amended

        Complaint.

        WHEREFORE, Defendants ***ROTHWELL ASSOCIATES, LLC and AMIT VINOD***

***SHAN, individually and d/b/a SHAH BUILDERS, LLC,*** demand Judgment dismissing the

Count II – Breach of Contract Count of the First Amended Complaint with prejudice and without

costs.


**COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTS**

23.     These answering Defendants repeat and reiterate their responses to the Parties, Jurisdiction

        and Venue, and General Allegations paragraphs and Count I – Negligence Count and Count

        II – Breach of Contract of the First Amended Complaint, incorporating same as though set

        forth at length herein.

24.      These answering Defendants deny each and every allegation contained in the paragraph

        numbered "24" of the Breach of Express and Implied Warrants Count of the First

        Amended Complaint.

25.     These answering Defendants deny each and every allegation contained in the paragraph numbered "25 – a through k" of the Count III – Breach of Express and Implied Warrants Count of the First Amended Complaint.

26.     These answering Defendants deny each and every allegation contained in the paragraph numbered "26" of the Count III – Breach of Express and Implied Warrants Count of the First Amended Complaint.

WHEREFORE, Defendants ***ROTHWELL ASSOCIATES, LLC and AMIT VINOD SHAN, individually and d/b/a SHAH BUILDERS, LLC,*** demand Judgment dismissing the Breach III – Breach of Express and Implied Warrants Count of the Complaint with prejudice and without costs.

## AFFIRMATIVE DEFENSES

1.  The Court lacks jurisdiction over the subject matter of this action and these parties reserve the right to move for dismissal of the pleading.

2.  Plaintiffs are barred from recovery for failure to obtain jurisdiction over Defendants.

3.  The affirmative pleading herein fails to state a claim upon which relief may be granted and these party/parties reserve the right to move at or before the time of trial to dismiss same.

4.  The Defendants deny violating any duty owed to the Plaintiffs.

5.  The Defendants deny being guilty of any negligence whatsoever.

6.  The Claimants have failed to issue process within the time required by law, and these parties are entitled to a dismissal of the action.

7.  The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the Claimants, and accordingly, the Claimants claim is barred as a matter of law.

8. The Claimants were guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

9. Any and all injuries and damages sustained were the result of a third party over whom these parties had no control.

10. Defendants deny that they were guilty of any negligence which was the proximate or producing cause of any damages alleged to have been sustained by Plaintiffs.

11. Plaintiffs' claims are barred or, at the very least, the damages to which she/he are entitled are to be reduced by virtue of the doctrine of comparative negligence and the comparative Negligence Act, N.J.S.A. 2A:15-5, et seq.

12. These parties obtained a manufactured product from a reputable manufacturer and any defect in said product was latent and not ascertainable upon a reasonable inspection.

13. The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

14. These Defendants deny that there existed any warranties, either expressed or implied, by it to Plaintiffs in this action.

15. At all times relevant to the within litigation, these Defendants complied with the applicable laws, regulations and standards.

16. The Defendants state that the accident was the result of an unavoidable accident insofar as the Defendants are concerned and was the direct result of an act of God.

17. The claim of the Claimant cannot be superior to that of their assignor and since the assignor's claim is barred, the Claimant(s) claim is also barred.

18. The Claimant(s) were guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

19. There was no privity between the Claimant(s) and this party/parties.

20. Insofar as the pleading endeavors to assert a cause of action based on a breach of contract (which breach is denied) the damages sought were not within the contemplation of the party/parties at the time of the making of the contract, and further would not naturally result for any breach.

21. The Claimant is the Subrogor of a policyholder whose rights can be greater than those of its Subrogee.

22. The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

23. There can be no individual liability of Defendant, Amit Vinod Shah, and he is accordingly entitled to dismissal of this claim against them.

## DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE**, that pursuant to R. 4:5-2, the parties filing this Answer requires that you, within five (5) days, furnish it with a Statement of Damages claimed

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that Defendants ROTHWELL ASSOCIATES, LLC and AMIT VINOD SHAN, individually and d/b/a SHAH BUILDERS, LLC, hereby demand Trial by Jury on all issues so triable.

## DESIGNATION OF TRIAL ATTORNEY

**SIRS:**

**PLEASE TAKE NOTICE**, that pursuant to R. 4:25-4, Richard Wedinger, Esq., is hereby designated as Trial counsel in the within matter.

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other  action pending in any Court or of a pending arbitration or administrative proceeding, nor is counsel aware of any other party who should be joined in this action.

## <u>RULES OF CIVIL PROCEDURE 5.2 – ELECTRONIC FILING</u>

I hereby certify that the original of the within pleading was electronically filed with the Clerk of the United States District Court, District of New Jersey within the time prescribed by the provisions of L. Civ.R. 6:1(a) and a true copy has been forwarded to all counsel of record by electronic service.

Dated: July 31, 2015

Respectfully Submitted,
BARY, McTIERNAN & WEDINGER, P.C.

*Richard W. Wedinger*

_____
RICHARD W. WEDINGER, ESQ.